## SUPPLY OF WATER BY ONE MUNICIPALITY OR VILLAGE TO ANOTHER.

[Circuit Court of Hamilton County.]

JOHN WRIGHT, A TAX-PAYER, v. THE VILLAGE OF KENNEDY HEIGHTS ET AL.

Decided, December 18, 1902.

*Contract for Water Supply—Municipalities and Villages not Contiguous —Section 2425 Construed.*

A contract between one city or village and another for a supply of water, under the provisions of Section 2425, must be a contract mutually enforceable.

JELKE, J.; GIFFEN, J., and SWING, P.-J., concur.

Can the village of Kennedy Heights, not being contiguous to the city of Cincinnati, make a contract with the city to supply said village with water under R. S., 2425?

It is admitted that it can not under the first clause of the section, which provides:    "Any city or village which has established, or hereafter establishes water-works, may enter into a contract with any contiguous city or village for the supply of the latter with water, upon such terms as shall be mutually agreed upon by the councils of the respective municipal corporations."   But it is contended that such contract may be made under the provision of the second clause, which provides, "and any city or village which has water-works, is hereby authorized and empowered to dispose of any surplus water, for manufacturing or other purposes, by lease or otherwise, upon such terms as may be agreed upon by the board of trustees of the water-works, or public works, and approved by the council of such city or village."

It is to be observed that the first clause provides for a "contract" and for "the supply of water" under terms "mutually agreed upon," while the second clause provides for the disposition of surplus water only, and that for manufacturing or other purposes.   The Legislature, in providing what relations may be established between

contiguous municipalities, on the subject of water, has seen fit to prescribe that it shall be by contract mutually agreed upon, and, consequently, mutually enforceable, and that such contract must be for the supply of water.   Having thus expressed itself upon this subject, this expression must be held to be exclusive.   In contrast to this is the second clause, which authorizes the disposition of surplus water only, and that for manufacturing or other purposes. It is said that the sale of water to the municipality of Kennedy Heights is included under the expression "or other purposes." But, in interpreting the expression "or other purposes," reference must be had to the thing mentioned, to-wit, "for manufacturing." If the power to dispose of surplus water were broad enough to cover every known purpose, including the supply of another municipality, there would have been no reason for mentioning "manufacturing." This expression "for manufacturing or other purposes" is used to signify consumption by private enterprise in contradistinction to public municipal supply treated of in the first clause.   The Legislature was unwilling that the purchasing municipality should enter into any arrangement so uncertain as dependence upon a mere surplus.   If the purchasing municipality is to expend its funds in laying water-mains and piping its streets, it must be for a supply which can be demanded and enforced under a mutual contract.

We are of opinion that the village of Kennedy Heights is not empowered by this second clause to make such contract with the city of Cincinnati.

As the issue of bonds proposed by said village and voted on at the election was expressly for the purpose of laying water-mains and pipes to receive water under such a contract, such issue must fail if the contract can not be made.

Decree for plaintiff.

*D. H. Pottenger,* for plaintiff.

*O. W. Bennett,* contra.